UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-50081-01 |
| VERSUS | CIVIL ACTION NO. 05-0970 |
| JEFF MILLER | JUDGE S. MAURICE HICKS, JR. |

## MEMORANDUM RULING

Before the Court is Jeff Miller's ("Miller") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  See Record Document 23.  Based on the following, Miller's motion is **DENIED**.

### I. FACTUAL BACKGROUND.[1]

During the course of an investigation of drug distribution activities involving methamphetamine, Miller's residence was searched on May 17, 2004, pursuant to a search warrant.  Miller admitted that he had purchased at least three ounces of methamphetamine from Charles Eizel through another individual, Billy Ray Gwin.  Miller indicated that he was selling one ounce quantities of methamphetamine for profit of about $500 to $600 per ounce of methamphetamine.  He also stated that he sold three ounces of methamphetamine from mid-March until mid-May of 2004.

### II. PROCEDURAL HISTORY.

Pursuant to a written plea agreement, Miller entered a plea of guilty to a bill of information on May 21, 2004.  See Record Documents 1-8.  The bill of information charged

---

[1] The factual background is based on the pre-sentence investigation report and the testimony at Miller's guilty plea.

him with conspiracy to distribute five grams or more of methamphetamine or 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine between 2003 and May 13, 2004. See id.

During his criminal proceedings, Miller was held accountable for at least 50 grams but less than 200 grams of methamphetamine. His base offense level was 26, and he received a three-point reduction for acceptance of responsibility. His criminal history category was II. On October 5, 2004, Miller was sentenced to 60 months imprisonment. See Record Document 12.

A motion for an out-of-time appeal filed by the defendant was denied on February 28, 2005. See Record Documents 21-22. The instant motion was filed on June 3, 2005. See Record Document 23.

**III. LAW AND ANALYSIS.**

    **A. Miller's Claims.**

Miller asserts two claims for relief in his section 2255 motion: (1) he was deprived of effective assistance of counsel in that he erroneously relied on advice from counsel regarding the sentence to be received in exchange for the guilty plea; and (2) he was deprived of effective assistance of counsel in that counsel did not provide the Government with information that could have affected the outcome of his sentence. See Record Document 23 at 4, 6. As to his first claim, Miller alleges that "in exchange for his cooperation, [he] was informed [by his counsel] that he would receive a sentence of 4 to 4 ½ years of supervised probation." Id. at 6. Miller notes the grave difference between the alleged representation of a probated sentence and his received sentence of 60 months of

imprisonment.  See id.  As to his second claim, Miller alleges that he "was prejudiced by a failure of counsel to remit evidence to the prosecution," namely evidence of actual drug distribution that he gathered against other parties on his own.  Id.

### B. Section 2255 and Ineffective Assistance of Counsel.

The defendant raises an ineffective assistance of counsel claim under 28 U.S.C. § 2255.  See U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996); U.S. v. Navejar, 963 F.2d 733, 735 (5th Cir. 1992).  In order to successfully prove a claim of ineffective assistance of counsel, Miller must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994).

When applying the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Miller may only overcome this presumption by showing that under the "totality of the circumstances," the attorney's performance was outside the wide range of professionally competent assistance.  Id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Miller must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  In order to establish prejudice under the second prong, the defendant must demonstrate that the attorney's actions "were so serious


as to render the proceedings unreliable and fundamentally unfair." United States v. Saemz-Forero, 27 F.3d 1016, 1019 (5th Cir. 1994); Carter v. Johnson, 110 F.3d 1098, 1110 (5th Cir. 1997); Murray, 736 F.2d at 282.

The prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1998); Murray, 736 F.2d at 282. If Miller fails to satisfy either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail. See Tucker v. Johnson, 115 F.3d 276, 289 (5th Cir. 1997); Bryant, 28 F.3d at 1415; Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

**C.     Application of Law to Miller's Claims.**

In its answer to the defendant's motion, the government spent a great deal of time analyzing whether the defendant should be procedurally barred from filing the instant motion. Yet, for purposes of the instant Memorandum Ruling, the Court will assume that the defendant's claims are cognizable under Section 2255 and proceed to the merits of Miller's ineffective assistance of counsel claims.

First, the Court will address Miller's assertion that he erroneously relied on advice from counsel regarding a sentencing prediction of 4 to 4 ½ years of supervised probation to be received in exchange for his guilty plea. On May 21, 2004, the defendant entered his plea of guilty to conspiring to distribute 5 grams or more of methamphetamine and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

In the context of a guilty plea, the prejudice requirement of the Strickland test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

Specifically, this Court must consider whether "there is a reasonable probability that, but for counsel's errors, [Miller] would not have pleaded guilty and would have insisted on going to trial."  Id.  However, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary."  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citations omitted).

Here, the Court will focus on several key statements made by Miller under oath as well as documents signed at the time of the guilty plea.  "Solemn declarations in open court carry a strong presumption of verity."  U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994), citing Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977); see also U.S. v. Martinez-Molina,  64 F.3d 719, 733 (1st Cir. 1995) ("statements [made] in open court during a plea hearing 'carry a strong presumption of verity.'").  In addition, documents signed by the defendant at the time of the pleading, such as the plea agreement, carry "great evidentiary weight."  U.S. v. Abreo, 30 F.3d 29, *32 (5th Cir. 1994).

During the guilty plea hearing, the Court explained that the maximum penalty for the conspiracy to distribute methamphetamine was not less than five years and then asked if Miller understood those penalties.  See Guilty Plea Transcript at 13.  The defendant stated that he understood such penalties.  See id. at 14.  The Court additionally asked Miller if he understood that no one could accurately predict his sentence, particularly without the completion of the pre-sentence investigation.  Id. at 14.  Miller again answered in the affirmative.  See id.  In fact, the Court further explained the uncertainty of any sentence prediction, including those by Miller's counsel:

> The Court:   Now, Mr. Keene is experienced in these matters and it's certainly appropriate for him to give you the benefit of that experience and perhaps even to give you some prediction as

> to what your sentence will be. But I have to make sure this afternoon that you understand that whatever you have been told is merely a prediction, that there are no guarantees about your sentence at this time. Do you understand that?

Id. at 14. Miller once more responded in the affirmative. See id. Moreover, the defendant indicated that no one had offered "any promises or assurances or guarantees" about his sentence. Id. at 14-15. Finally, the Court confirmed that Miller's belief in his own guilt was the only reason for his entering a guilty plea. See id. at 20.

Furthermore, Miller acknowledged and agreed that he had examined both the Understanding of Maximum Penalty and Constitutional Rights and the Plea Agreement with the aid of his attorney and fully understood the contents of each document. See Guilty Plea Transcript at 10-11. By signing the Understanding of Maximum Penalty and Constitutional Rights, Miller declared that his plea was free and voluntary and that it "ha[d] been made without any threats or inducements whatsoever from anyone associated with the State or United States Government or my [Miller's] attorney." See Record Document 7. Miller agreed that he was pleading guilty because he was in fact guilty as charged. See id. Likewise, in the written plea agreement, Miller declared that his plea was "entered into freely, knowingly, and voluntarily with no threats or coercion." See Record Document 6. The plea agreement provided that he understood that the pre-sentence investigation report's completion would precede the final determination of the applicable guidelines range and that, even still, his sentencing would be within the Court's discretion. See id. Miller confirmed his understanding that his term of imprisonment could not be less than five years. See id.

Based on the aforementioned analysis, the Court finds that Miller's ineffective

assistance of counsel claim relating to the length of his sentence is without merit. Miller has not carried his burden of proving that his plea was involuntary. Simply put, his statements at the guilty plea hearing, alongside the documents signed at the time of the guilty plea, demonstrate that his plea was indeed voluntary. Further, the defendant has provided no evidence to invalidate the statements made and the documents signed. Accordingly, this ineffective assistance of counsel claim fails.

The Court will now consider Miller's second claim of ineffective assistance of counsel, regarding prejudice in his sentencing as a result of counsel's failure to provide evidence of an actual drug transaction to the prosecution. To establish prejudice, Miller must demonstrate that absent his counsel's ineffective assistance he would have received less jail time. United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).

Once more, the Court will examine Miller's sworn statements and the documents signed at the time of the guilty plea. During the guilty plea, the Court explained Miller's responsibility to cooperate in any further investigations concerning this matter as well as the Government's ability to request a sentence reduction based on this cooperation. See Guilty Plea Transcript at 12. The Court questioned Miller's understanding of the fact that "even if [he] cooperate[d] fully and assist[ed] the Government in investigating others, the Government could decide not to ask for [his] sentence to be reduced." Id. at 12. Miller indicated that he understood. See id. The Court further elaborated, stating that neither Miller's attorney nor the Court had any impact on the Government's decision to make such a request. See id. Miller again responded that he understood. Id. at 13. Finally, the Court explained and the defendant understood that even if such a request was made by the Government, the Court would ultimately decide whether or not to grant a sentence

reduction. See id. The plea agreement reviewed and signed by the defendant reiterated each of the above-mentioned points. See Record Document 6.

Again, the defendant has failed to meet his burden of proving that his attorney's ineffective assistance resulted in prejudice, specifically more jail time. See Grammas, 376 F.3d at 436 (stating that to establish prejudice, one must demonstrate that absent his counsel's ineffective assistance he would have received less jail time). The defendant has not proven that the self-collected evidence of an actual drug transaction would have influenced the Government's decision to request a sentence reduction or the Court's choice to grant such a reduction. Absent any support for this argument, this ineffective assistance of counsel claim also fails.

### IV.     CONCLUSION.

Based on the foregoing analysis, Miller's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 23) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of July, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE